### UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

| | |
|---|---|
| CHRISTINE NICKELSON, | § |
| Plaintiff, | § |
| v. | §  No. |
| CREDIT COLLECTION SERVICES, INC., | § |
| Defendant. | § |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

CHRISTINE NICKELSON (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against CREDIT COLLECTION SERVICES, INC. (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Texas, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing in Arlington, Tarrant County, Texas.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Defendant is an alleged debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a national debt collection company and conducts business in Texas.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant contacted Plaintiff before 8:00 am seeking and demanding payment for the alleged consumer debt.

13. Defendant constantly and continuously placed collection calls to the number (860) 951-8674 seeking and demanding payment for the alleged consumer debt. Plaintiff advised Defendant on numerous occasions that although her number is an East Coast area code, she currently resides in Texas. Regardless, Defendant continued to place collection calls before 8:00 am.

14. Defendant used rude and abusive language while seeking and demanding payment for the alleged consumer debt.

15. Defendant places collection calls and nobody on the other end identifies who is calling.

16. Defendant threatened to garnish Plaintiff's wages while seeking and demanding payment for the alleged consumer debt. To date, no wages have been garnished.

17. Defendant constantly and continuously places collection calls from (877) 764-6855 seeking and demanding payment for the alleged consumer debt.

18. Defendant contacted third parties, Plaintiff's mother, grandmother, and uncle, multiple times seeking and demanding payment for the alleged consumer debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692b(1)* of the FDCPA by contacting a third party and failing to state that collector is confirming or correcting location information.

    b. Defendant violated *§1692b(2)* of the FDCPA by contacting a third party and stating Plaintiff owes a debt.

    c. Defendant violated *§1692b(3)* of the FDCPA by contacting a third party more than once.

    d. Defendant violated *§1692c(a)(1)* of the FDCPA contacting Plaintiff at a time and place known to be inconvenient.

    e. Defendant violated *§1692c(b)* of the FDCPA by communicating with someone other than Plaintiff concerning the debt.

    f. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

    g. Defendant violated *§1692d(2)* of the FDCPA by using rude and abusive language.

    h. Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and

    harass Plaintiff.

i. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls and failing to disclose his/her identity.

j. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character, amount, and legal status of Plaintiff's alleged debt.

k. Defendant violated *§1692e(4)* of the FDCPA by threatening that the nonpayment of the alleged debt will result in garnishment.

l. Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that cannot legally be taken or is not intended to be taken.

m. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt.

n. Defendant violated *§1692e(11)* of the FDCPA by failing to state in every communication that the communication was from a debt collector.

o. Defendant violated *§1692g(a)(1-5)* of the FDCPA by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be

mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff, CHRISTINE NICKELSON, respectfully requests judgment be entered against Defendant, CREDIT COLLECTION SERVICES, INC., for the following:

20. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

21. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

22. Actual damages,

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

24. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: January 18, 2010   By:/s/Peter Cozmyk
                          Peter Cozmyk Esq.
                          Attorneys for Plaintiff
                          Krohn & Moss, Ltd.
                          3 Summit Park Drive
                          Suite 140
                          Independence, OH 44131

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CHRISTINE NICKELSON, demands a jury trial in this case.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, CHRISTINE NICKELSON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

__12/25/09__
Date

_Christine Nickelson_
CHRISTINE NICKELSON

PLAINTIFF'S COMPLAINT

7